CLARK S. GARDNER (17997)
**SNOW CHRISTENSEN & MARTINEAU**
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
Telephone: (801) 521-9000
cg@scmlaw.com
*Attorneys for Plaintiff HurtVet Subcontracting, LLC*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HURTVET SUBCONTRACTING, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS GAMBRELL, an individual.<br><br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Case No. _____<br><br>Magistrate Judge _____ |

Plaintiff HurtVet Subcontracting, LLC ("HurtVet"), by and through counsel, alleges and complains against Defendant Douglas Gambrell, an individual, as follows:

## PARTIES JURISDICTION AND VENUE

1.      Plaintiff HurtVet Subcontracting, LLC, is a Limited Liability Company organized under the laws of the state of Delaware with its headquarters and principal place of business in Park City, Utah.

2.      Defendant Douglas Gambrell is an individual who, upon information and belief, resides in Bay Village, Ohio.

3.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred in this venue.

## GENERAL ALLEGATIONS

5.      HurtVet is a Service-Disabled Veteran-Owned Small Business ("SDVOSB") specialty government contractor working mainly with the United States Department of Veterans Affairs, the armed services, and various other civilian federal agencies.

6.      Defendant Gambrell worked with HurtVet as a W-2 employee beginning in 2017. He worked as a 1099 contractor with HurtVet prior to 2017.

7.      Gambrell held various roles at HurtVet, including project manager, and was eventually elevated to the role of General Manager in late 2021.

8.      On January 27, 2023, Gambrell abruptly resigned from HurtVet via email, claiming his resignation would take place as of February 1, 2023.

9.      In the weeks and months leading up to Gambrell's resignation, he sent dozens of emails from his HurtVet email address to his private email address containing (and attaching) highly confidential and sensitive materials (the "Confidential Materials").

10.     The Confidential Materials included information concerning proposals and/or bids and bid processes, customer and subcontractor contact lists, proprietary pricing algorithms, and "need to know" restricted government information such as Contractor Performance Assessment Reports ("CPARS").

11.     The Confidential Materials also included information relating to HurtVet company strategy and marketing, including its pipeline of identified future opportunities.

12.     The Confidential Materials further included company financial information (e.g.,

revenues and costs of specific contracts).

13.     The Confidential Materials constitute trade secrets under federal and state law.

14.     Gambrell left HurtVet and joined scDataCom, LLC ("scDataCom")—a direct competitor—which is located in Savannah, Georgia.

15.     Upon information and belief, Gambrell transferred some or all of the Confidential Materials to scDataCom.

16.     Upon information and belief, Gambrell misappropriated HurtVet funds to travel on January 26, 2023, to Savannah, Georgia, the headquarters location of scDataCom and a city in which HurtVet has no active projects.

17.     Gambrell remains in possession of HurtVet property (e.g., laptop and digital media storage devices) containing some of the Confidential Materials, while currently in the employ of scDataCom.

18.     HurtVet has been gravely and irreparably injured by the actions of Gambrell, and will continue to suffer substantial and irreparable harm if these Confidential Materials are not immediately returned to HurtVet and/or destroyed by Gambrell and scDataCom, as well as other parties to whom Confidential Materials may have been sent.

**FIRST CAUSE OF ACTION**
**(Misappropriation of Trade Secrets under the Defend Trade Secrets Act: 18 U.S.C. § 1836)**

19.     HurtVet realleges and incorporates into this cause of action all of the preceding allegations of this Complaint.

20.     HurtVet, through extensive research and development, and the expenditure of considerable time, effort and resources, has developed commercially valuable trade secrets and confidential and proprietary information.

3

21.     HurtVet has taken steps to maintain the secrecy and confidentiality of this information, including imposing restrictions on who may have access to the information and marking certain documents with clear and conspicuous Confidentiality warnings.

22.     HurtVet's trade secrets and confidential information derive independent economic value from being unknown to others in the industry.

23.     During the time Gambrell was employed at HurtVet, HurtVet entrusted him with access to secret and proprietary information in the performance of his duties for HurtVet.  Gambrell knew, or had reason to know, that the Confidential Materials are proprietary and belong exclusively to HurtVet.

24.     Gambrell further knew, or had reason to know, that upon cessation of his employment, the Confidential Materials were to be returned to HurtVet and not disclosed to anyone or used for any purpose.  Gambrell did not have HurtVet's express or implied consent to disclose or use HurtVet's trade secrets in any way.

25.     Gambrell knew, or had reason to know, that he had a duty to maintain the secrecy of the Confidential Materials.

26.     Gambrell knew, or had reason to know, that it would be improper to email the Confidential Materials to his personal email address and/or to use the Confidential Materials for his personal gain without permission from HurtVet.

27.     Gambrell knew, or had reason to know, that it would be improper to transfer the Confidential Materials to scDataCom, or to any other third party, without permission from HurtVet.

28.     Gambrell has misappropriated HurtVet's trade secrets and confidential information by willfully using such information for his own personal gain and/or the gain of scDataCom.

29.     HurtVet is entitled to appropriate injunctive relief pursuant to 18 U.S.C. § 1836.

30.     HurtVet is entitled to damages, including both the actual loss and the unjust enrichment caused by Defendants' misappropriation, and exemplary damages, as provided under 18 U.S.C. § 1836.

## SECOND CAUSE OF ACTION
### (Misappropriation of Trade Secrets under Utah's Uniform Trade Secret Act: Utah Code § 13-24-1)

31.     HurtVet realleges and incorporates into this cause of action all of the preceding allegations of this Complaint.

32.     HurtVet, through extensive research and development, and the expenditure of considerable time, effort and resources, has developed commercially valuable trade secrets and confidential and proprietary information.

33.     HurtVet has taken steps to maintain the secrecy and confidentiality of this information, including imposing restrictions on who may have access to the information and marking certain documents with clear and conspicuous Confidentiality warnings.

34.     HurtVet's trade secrets and confidential information derive independent economic value from being unknown to others in the industry.

35.     During the time Gambrell was employed at HurtVet, HurtVet entrusted him with access to secret and proprietary information in the performance of his duties for HurtVet. Gambrell knew, or had reason to know, that the Confidential Materials are proprietary and belong exclusively to HurtVet.

36.     Gambrell further knew, or had reason to know, that upon cessation of his employment, the Confidential Materials were to be returned to HurtVet and not disclosed to anyone or used for any purpose.  Gambrell did not have HurtVet's express or implied consent to disclose or use HurtVet's trade secrets in any way.

37.     Gambrell knew, or had reason to know, that he had a duty to maintain the secrecy of the Confidential Materials.

38.     Gambrell knew, or had reason to know, that it would be improper to email the Confidential Materials to his personal email address and/or to use the Confidential Materials for his personal gain without permission from HurtVet.

39.     Gambrell knew, or had reason to know, that it would be improper to transfer the Confidential Materials to scDataCom, or to any other third party, without permission from HurtVet.

40.     On information and belief, Gambrell has misappropriated HurtVet's trade secrets and confidential information by willfully using such information for his own personal gain and/or the gain of scDataCom.

41.     HurtVet is entitled to appropriate injunctive relief pursuant to Utah Code Ann. § 13-24-3.

42.     HurtVet is entitled to damages, including both the actual loss and the unjust enrichment caused by Defendants' misappropriation, and exemplary damages, as provided in Utah Code Ann. § 13-24-4.

## THIRD CAUSE OF ACTION
### (Temporary, Preliminary and Permanent Injunctions)

43.     HurtVet realleges and incorporates into this cause of action all of the preceding allegations of this Complaint.

44.     Defendant's continuing misappropriations of trade secrets and other wrongful actions are causing irreparable harm to HurtVet.

45.     Defendant will not be injured by the grant of injunctive relief prohibiting the use or disclosure of HurtVet's trade secrets and confidential information.  Alternatively, any harm to Defendant is outweighed by the harm to HurtVet and the general public if an injunction is not entered.

46.     The granting of injunctive relief would serve the public interests in favor of protecting trade secrets and confidential information, preserving federal procurement integrity, and preventing misappropriation and unfair competitive practices.

47.     HurtVet is likely to prevail on the merits of its claims asserted herein.

48.     HurtVet is entitled to temporary, preliminary and permanent injunctions directing Defendant to cease and desist from any use of HurtVet's trade secrets and other information, and to refrain from any other wrongful conduct as determined in this proceeding.

## PRAYER FOR RELIEF

Wherefore, HurtVet prays for relief as follows:

1.     For temporary, preliminary, and injunctive relief ordering Defendant to:

    a.     Cease and desist from retaining, using, accessing, disclosing, or otherwise misappropriating, directly or indirectly, HurtVet's trade secrets and other confidential and proprietary information.

b.      Identify all persons to whom the material or information has been disclosed or by whom it has been viewed, accessed, or used.

c.      Identify all third parties who may have viewed, accessed, or used HurtVet's confidential and proprietary information;

d.      Return any and all copied electronic or paper files, computers, client lists, employee files, and all other HurtVet property, documents, files, including electronic files and documents, containing, referring to or incorporating HurtVet's trade secrets and confidential information.

2.      For a declaratory judgment that Defendant may not use or disclose HurtVet's trade secrets and confidential information for any purpose, including but not limited to, any purpose that is competitive to the HurtVet's business.

3.      For an award granting HurtVet compensatory and consequential monetary damages against Defendant in amounts to be determined at trial, including HurtVet's lost profits and Defendant's gains from their improper conduct.

4.      That the damages awarded to HurtVet be multiplied and expanded as permitted by 18 U.S.C. § 1836 and Utah Code Ann. § 13-24-4.

5.      That HurtVet be awarded its costs of suit, including reasonable expenses and attorney fees, to the maximum extent allowed by law.

6.      That HurtVet be awarded punitive and exemplary damages for Defendant's unlawful, willful, and intentional acts as alleged herein.

7.      For such other relief as the Court deems just and equitable.

## **JURY DEMAND**

HurtVet respectfully demands trial by jury on all claims and issues in this action triable by jury.

DATED this 10th day of February, 2023.

**SNOW CHRISTENSEN & MARTINEAU**


 */s/ Clark S. Gardner*
Clark S. Gardner
*Attorneys for Plaintiff HurtVet Subcontracting, LLC*